# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2761

_____

United States of America,         *
         *
         Plaintiff - Appellee,      *
         *    Appeal from the United States
         v.                   *    District Court for the District
         *    of Nebraska.
John Meyers,             *
         *
         Defendant - Appellant.     *

_____

Submitted: February 16, 2005
Filed: March 31, 2005 (Corrected: 04/12/05)

_____

Before BYE, HEANEY, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

John Meyers appeals the district court's[1] decision to run his sentence imposed for a federal conviction consecutively to a sentence imposed for a state conviction arising out of the same sequence of events. Because the district court retained discretion to impose a consecutive or concurrent sentence and the imposition of a consecutive sentence is reasonable, we affirm.

_____

[1]Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

## I

The facts are virtually undisputed. Meyers was involved in a troubled relationship with a young woman named Angelica Bittner, who, approximately two years into the relationship, decided to move out of the home the two shared in Branson, Missouri. She eventually settled in Bellevue, Nebraska, where she remained in contact with Meyers via e-mail.

On at least two occasions prior to April 30, 2003, Meyers traveled to Bellevue to spend time with Bittner. On that date, Meyers once again traveled to Bellevue. Upon his arrival, Meyers informed Bittner he planned to take her away for five days. When Bittner balked at his plan, Meyers informed her that he was holding her mother at an undisclosed location. Meyers then produced a stun gun and activated it in her presence. Feeling threatened, Bittner packed some belongings and traveled with Meyers back to Branson.

On May 3, 2003, Bittner's father, unable to contact his daughter, grew concerned. Mr. Bittner placed a call to the Taney County, Missouri, Sheriff's Department at which time he informed law enforcement of his daughter's troubled relationship with Meyers. That same day, a sheriff's deputy knocked on the door of Meyers's residence in Branson. When Bittner opened the door, the deputy asked her if she was alright. She verbally indicated "yes," but shook her head "no." The deputy then asked her to step outside where she told him she had been forced to come to Branson by Meyers who had threatened her with a stun gun.

When the deputy asked to speak with Meyers, he ran toward the bedroom. The deputy gave chase. Once near the bedroom, the deputy discovered Meyers holding a black pistol. He raised the pistol toward the deputy, at which time the deputy pulled his firearm and ordered Meyers to the ground. Meyers complied and was arrested.

A search of the residence revealed the stun gun used by Meyers to threaten Bittner. Bittner testified she never saw the black pistol until the incident with the deputy.

The State of Missouri charged Meyers with unlawful use of a weapon for using the black pistol during the incident with the deputy. After pleading guilty, the state court sentenced him to four years imprisonment. His mandatory release date, at least according to Meyers, is May 6, 2006.

In addition to the state charges, a federal grand jury in Nebraska indicted Meyers on one count of interstate stalking in violation of 18 U.S.C. § 2261A and one count of interstate domestic violence in violation of 18 U.S.C. § 2261(a)(1). Pursuant to a plea agreement, Meyers agreed to plead guilty to the offense of interstate stalking. The plea agreement contained various stipulations, including one setting his base offense level at 18, pursuant to United States Sentencing Guideline (U.S.S.G.) § 2A6.2(a), making him subject to a two-level enhancement for possession or threatened use of a dangerous weapon pursuant to § 2A6.2(b)(1)(C). The plea agreement, however, contained no provision concerning the issue of whether his federal sentence would run concurrently with, or consecutive to, the state sentence which had been imposed as a result of his having pulled a firearm on the sheriff's deputy.

At sentencing, Meyers argued § 5G1.3(b) required the court to impose a concurrent sentence. The government, on the other hand, argued § 5G1.3 left the court with discretion to impose a consecutive sentence because the conduct which formed the basis for the state charge did not form the basis for an increase to the offense level on the instant federal offense. The government further argued there should be additional punishment given to a defendant who opts to pull a firearm on a law enforcement officer. The district court ultimately sided with the government and ordered Meyers's thirty-three month federal sentence to run consecutive to his state sentence. On appeal, Meyers challenges this decision.

II

Generally, the district court retains broad statutory authority to impose a sentence to run consecutively with or concurrently to an undischarged term of imprisonment. 18 U.S.C. § 3584(a). "[I]n determining whether the terms imposed are to be ordered to run concurrently or consecutively," a district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." Id. § 3584(b). Prior to the dramatic changes in federal sentencing which occurred as a result of United States v. Booker, 125 S. Ct. 728 (2005), the controlling § 3553(a) factor was "the kinds of sentences available" under the United States Sentencing Guidelines promulgated by the Sentencing Commission. Id. §§ 3553(a)(4), (b)(1). Congress included in the powers delegated to it the power to determine "whether multiple sentences to terms of imprisonment should be ordered to run concurrently or consecutively." 28 U.S.C. § 994(a)(1)(D).

The appropriate guideline provision was the controlling factor because the sentencing guidelines were binding on courts with the force and effect of law. Booker, 125 S. Ct. at 750 (citing Mistretta v. United States, 488 U.S. 361, 391 (1989)). After Booker, the Guidelines no longer have the binding force and effect of law, but are merely advisory. Id. at 757. Thus, while the district court is required to consider them, it is not strictly bound by them to the detriment of the other § 3553(a) factors. Id.

However, as the statute requires the district court to consider the appropriate guideline, 18 U.S.C. § 3553(a)(4), we review the Guideline's advice on the matter. Consistent with § 3584(a), the Guidelines advise the district court, with some exceptions, to exercise discretion in imposing a sentence "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).

One exception to this general recommendation is in a situation where the term of imprisonment resulted from a related offense which is relevant conduct to the instant offense of conviction and the term of imprisonment was the basis for an increase in the instant offense  (as long as instant offense was not committed while serving a term of imprisonment).  Id. § 5G1.3(b).  In this situation, the Guidelines advise the district court "the sentence for the instant offense shall run concurrently to the remainder of the undischarged term of imprisonment."  Id. § 5G1.3(b)(2).

Meyers argues his sentence is of the type § 5G1.3(b) would advise the district court to impose a concurrent sentence because the conduct which formed the basis for his state conviction, i.e. pulling a firearm on the arresting sheriff's deputy, also formed the basis for the two-level sentencing enhancement for the use of a dangerous weapon.  Meyers's argument is misplaced.  The two-level enhancement Meyers received was predicated on the use of a stun gun to abduct and threaten Angelica Bittner.  The firearm, on the contrary, was never used by Meyers to abduct or threaten Bittner.  In fact, she testified she never saw the pistol.  Since Meyers received a two-level enhancement for having used a stun gun to abduct her, a fact largely conceded by the defense, he would have received the two-level enhancement regardless of whether he pulled a firearm on the arresting officer. Therefore, because his state conviction arising from his having pulled a gun on a sheriff's deputy  did not result in an enhancement for the instant offense, this is not the type of situation for which the Guidelines would recommend a concurrent sentence.

Accordingly, the Guidelines advise the district court "to achieve a reasonable punishment for the instant offense" by running the federal sentence concurrently, partially concurrently, or consecutively to the state sentence.  The district court was to consider this recommendation in addition to the other § 3553(a) factors in formulating Meyers's sentence.  The ultimate sentence, thirty-three months to be

served consecutively to any undischarged term of imprisonment, was reasonable and not an abuse of discretion, thus we affirm.

_____